## THE SIOUX CITY RAILROAD CONTRACTING Co. v. WALKER.

CORPORATION: POWERS OF OFFICERS.

*Appeal from Linn District Court.*

TUESDAY, DECEMBER 11.

THE petitition avers that plaintiff is a corporation duly organized under the laws of Iowa, and that defendant was plaintiff's general agent, and as such received a large amount of money belonging to plaintiff, and upon a proper accounting there is due plaintiff from defendant $2,350 and interest.

Defendant denies any indebtedness to plaintiff, and avers, that he has properly paid out all moneys he received for and on account of plaintiff. By way of cross-claim, defendant demands $1,000 and interest thereon, for one year's salary due him from plaintiff. This claim is denied by plaintiff.

The cause was referred to Hon. S. Bagg, Circuit Judge of the Ninth District, for trial. A trial was had before the referee, who reported that the defendant was indebted to the plaintiff in the sum of $1,000 and interest. Exceptions were taken to the report of the referee, and a motion was made to set it aside, which exceptions and motions were overruled by the court. Defendant appeals.

*George J. Boal* and *I. M. Preston & Son,* for appellant.

*E. S. Bailey* and *I. N. Kidder,* for appellee.

ROTHROCK, J.—I. The evidence shows that on the 23d day of December, 1870, appellant drew a check signed by himself as general agent for $1,000, payable to himself, and that he received the money thereon. It appears that John I. Blair, the president of the company, authorized appellant to take this sum for his services. The referee found that Blair had no authority to allow Walker to make this use of the plaintiff's funds. This sum with interest is the basis of the judgment which was rendered againt defendant.

We do not think this finding of fact is so manifestly without support in the evidence as to warrant us in reversing the judgment. It is true the president of the company seems to have been intrusted largely with the management of the business without consultation with any one, but in the

absence of some showing that he was authorized to fix the salaries of the officers, and in the absence of any ratification of this act by the board of directors, we think the referee was justified in finding that this appropriation of money was unauthorized. It is not claimed that Walker drew the amount in controversy with any wrongful intent, but this is not necessary to be found in order to hold him liable.

II. It is urged that the referee should have found that defendant was entitled to $1,000 on account of salary, as set forth in his cross-claim. The referee found that for the time claimed the defendant's salary had been fully paid. We think this finding was fully justified by the evidence, which we need not repeat or discuss.

AFFIRMED.